UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TYDELL JEROME MCNEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00047-RLY-MPB |
| ) | |
| BRANCHVILLE CORRECTIONAL ) | |
| FACILITY, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Tydell Jerome McNeal for a writ of habeas corpus challenges a prison disciplinary proceeding identified as BTC 15-01-0392. For the reasons explained in this Entry, McNeal's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On January 22, 2015, Correctional Officer Williams issued a Report of Conduct charging McNeal with "fighting" in violation of Code B-212. The Report of Conduct states:

> On 1/22/15 at approximately 7:15 PM, I Ofc. A. Williams did observe the following. While doing paperwork at the desk, I heard what sounded like shuffling coming from the bathroom. I looked on the camera and saw two offenders fighting in the bathroom near the shower area. As I entered the bathroom, I saw offenders McNeal (252007) and Hodgson (232767) grappling each other. Offender McNeal was placed in mechanical restraints and escort[ed] to RHU by Unit #20.

Dkt. 9-1.

McNeal was notified of the charge on January 28, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that McNeal wanted to call Offenders David Hodgson and Andrew Barnett as witnesses and requested the video as evidence. Hodgson submitted a statement that "I was horseplaying with someone, and I accidentally ran into Tydell McNeal, then was cuffed up by Ofc. Williams, along with 2 other offenders." Dkt. 9-5. Barnett also offered a statement that "I walked in the restroom and saw two offenders restling [sic] and I know for a fact that it wasn't McNeal simplely [sic] because he walked in after me, and they were already playing." Dkt. 9-6.

The video was reviewed by the Screening Officer. The video showed McNeal exchanging punches with other offenders. It also showed the officer walking into the shower area when this fight was happening.

The Hearing Officer conducted a disciplinary hearing on January 30, 2015. McNeal provided a statement, "I was not fighting no one. I had just walked into the bathroom. I was nowhere near the shower. I'm 100% positive I had nothing to do with this. Hodgson ran into me and I did grab him so I would not hit Officer Williams." Dkt. 9-7. The Hearing Officer relied upon staff reports, the statement of the offender, evidence from witnesses, and the video to determine

that McNeal had committed battery in violation of Code B-212. The sanctions imposed included 20 hours of extra work duty, loss of 4 orders from commissary, and the deprivation of 30 days of earned credit time.

McNeal's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Discussion**

McNeal challenges the disciplinary action taken against him arguing that the evidence was insufficient to support the guilty finding.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). The disciplinary charge at issue is violation of Code B-212, which prohibits battery upon another person without weapon or inflicting bodily

injury. By definition, McNeal committed battery when he exchanged punches as depicted on the video. This exchange was personally observed by Correctional Officer Williams on the security camera when it was taking place and again upon entering the bathroom, as well as being captured on video.

That evidence is sufficient to support the finding that McNeal committed battery.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McNeal to the relief he seeks. Accordingly, McNeal's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __3/22/2016__

                                            RICHARD L. YOUNG, CHIEF JUDGE
                                            United States District Court
                                            Southern District of Indiana

Distribution:

TYDELL JEROME MCNEAL, Jr.
252007
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514

All Electronically Registered Counsel